UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

Elizabeth A. Schultz,

Plaintiff,

v.

County of Chippewa,
Brian Kelley and
Phillip Montwill

Defendants.

COMPLAINT

Case No. 17 CV 622

Plaintiff, Elizabeth A. Schultz, by and through her attorneys, Bakke Norman, S.C., by Peter M. Reinhardt, states and complains of Defendants as follows:

## PARTIES

1. Plaintiff, Elizabeth A. Schultz, is an adult resident of the State of Wisconsin and resides at 2004 Cottontail Lane, Reedsburg, Wisconsin.

2. Defendant, County of Chippewa, is a body corporate organized and existing under the laws of the State of Wisconsin. Its principal place of business is located at 711 N. Bridge St., Chippewa Falls, Wisconsin.

3. Defendant, Brian Kelley, is an adult resident of the State of Wisconsin and resides at 4628 144th Street, Chippewa Falls. At all relevant times, he was employed by the County of Chippewa as the interim Highway Commissioner/Highway Commissioner of Chippewa County.

4. Defendant, Phillip Montwill, is an adult resident of the State of Wisconsin and resides at N6180 Cty Rd. BW, Glen Flora. At all relevant times he was employed as the Paving and Crushing Superintendent for the Chippewa County Highway Department.

1

5. Defendant County of Chippewa is an "employer" as defined in 29 U.S.C. § 2611(4).

## NATURE OF ACTION

6. Plaintiff, Elizabeth Schultz, claims the Defendant, County of Chippewa, discriminated against her in terms and conditions of employment, based on her gender, in violation of Title VII of the Civil Rights Act, as amended, 42 U.S.C.§ 2000e-2. Plaintiff, Elizabeth Schultz, claims that Defendant, County of Chippewa, retaliated against her for opposing discriminatory employment practices in violation of 42 U.S.C. § 2000e-3. Plaintiff also claims that Defendant, Chippewa County, constructively discharged her from her employment position.

7. Plaintiff, Elizabeth Schultz, further claims that the individual Defendants denied her constitutionally protected rights afforded to her in the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, in violation of 42 U.S.C. § 1983, and that the County of Chippewa is liable for these violations as well.

8. Plaintiff, Elizabeth Schultz, filed a complaint with the Department of Workforce Development, Equal Rights Division on January 7, 2016, Case No. CR201600032, and cross-filed with the EEOC, Case No. 26F201600286C.

9. Plaintiff, Elizabeth Schultz, received a Notice of Right to Sue from the EEOC, on May 25, 2017, with respect to the complaint identified in paragraph eight.

## JURISDICTION & VENUE

10. Jurisdiction in this court is proper as this case presents federal questions and controversy. Venue in the Western District of Wisconsin is appropriate because the conduct giving rise to Plaintiff's claims occurred in this district.

## ALLEGATIONS

11. In August of 2010, Plaintiff Schultz began her employment with Defendant Chippewa County as a seasonal employee in the Highway Department.

12. In April of 2011, Plaintiff Schultz posted for and was awarded the full-time job of truck driver, Operator II, for the Highway Department.

13. At all relevant times, the Highway Department was comprised of about nine truck drivers – seven males and two females.

14. Brian Kelly served as the County Department's Deputy Highway Commissioner. Richard Brand served as the Hit Mix Foreman (until he retired) and Phil Montwill was the Paving and Crushing Superintendent, to whom Plaintiff reported.

15. Throughout her employment with Defendant, Plaintiff was exposed to conduct and comments of a sexual nature by her male co-workers, of which management was aware. This included pictures, calendars, comments and jokes.

16. Plaintiff Schultz ignored these conduct and comments.

17. Sometime in 2014, Plaintiff began filling in for Matt Hartman, the Time Keeper/Lab Technician, when he was absent from work due to illness or vacation.

18. Generally, in Hartman's absence, the truck drivers were aware that Plaintiff Schultz was in charge.

19. Plaintiff Schultz expressed an interest, to management, in taking over Hartman's position when he retired.

20. Beginning in 2015, Brand sent Plaintiff to school for her to become certified in gravel and asphalt testing, so she would have the knowledge and certifications to replace Hartman upon his retirement.

21. In October of 2014, Brand put Plaintiff in charge of dispatching for a day, in his absence.

22. Dan Webber, a Chippewa County Highway department patrolman, refused to take direction and instruction from Plaintiff, due to her gender.

23. As a result of Webber refusing to take instruction from Plaintiff, she met with Deputy Commissioner Kelly and informed Kelly that she was unable to do the job assigned to her because of Webber's failure and refusal to take direction from her.

24. Likewise, upon Brand's return, Plaintiff informed him of Webber's refusal to take direction from her.

25. In response to Plaintiff's complaint about Webber, Brand questioned Webber about why he would not take direction from Plaintiff. Webber responded by stating "that's what happens when you hire a woman."

26. From October of 2014 until her separation of employment with Chippewa County in August, 2015, Plaintiff Schultz suffered from incidents of harassment and gender discrimination from Dan Webber.

27. The harassing comments included, "I can see why her boyfriend beats her"; "I don't know how she got through school, she must be sleeping with her supervisors"; and "we only have four more months to work with her."

28. After October of 2014, when Plaintiff Schultz would enter a room, Webber would often immediately exit the room.

29. In addition, after October of 2014, Weber refused to communicate with Plaintiff Schultz, making it difficult for her to perform her duties and responsibilities.

30. After October of 2014, Webber would encourage other employees to disregard or not communicate with Plaintiff Schultz.

4

31. Hartman retired from his position as Time Keeper/Lab Technician in June of 2015.

32. Prior to Hartman's retirement, in the spring of 2015, Defendant Chippewa County advertised and posted the position of Lab Technician.

33. Plaintiff Schultz applied for the Lab Technician/Time Keeper position vacated by Hartman's retirement.

34. The Lab Technician position would have been a promotion for Plaintiff Schultz.

35. Plaintiff's aggregate and asphalt test scores, along with her experience, made her qualified for the position vacated by Hartman.

36. Plaintiff Schultz was the most qualified applicant for the position as she had already performed the duties and responsibilities of the position vacated by Hartman, and she had completed the training and received the required certifications.

37. The Lab Technician was physically located in a different building than the hot mix plant where Plaintiff often worked with Webber.

38. On August 18, 2015, after listening to a speaker at the Highway Department about workplace bullying, Plaintiff Schultz met with Deputy Commissioner Kelley.

39. During her meeting with Kelley, Plaintiff broke down, emotionally, and told Kelley that she could no longer work under the conditions as she was being bullied and harassed by Webber.

40. At the same time Plaintiff informed Kelley that if she did not receive the Lab Technician position in order to distance herself from Webber, she would be forced to resign.

41. In response, Kelley acknowledged that he was aware of the problem but that he "didn't know how to handle it."

42. Two days later, on August 20, 2015, Plaintiff Schultz was informed by her direct Supervisor Montwill that she was not going to be awarded the Lab Technician position.

43. The Lab Technician position was awarded to Kyle Cracker.

44. Cracker was less qualified for the Lab Technician position than Plaintiff Schultz.

45. Cracker had no schooling or experience with asphalt and minimal knowledge of aggregate testing.

46. Plaintiff Schultz was told, by Kelley, that she was not hired into the position of Lab Technician due to her "conflict" with Webber.

47. Upon learning that she was not going to be offered the Lab Technician position, Plaintiff Schultz gave Defendant Chippewa County her two week resignation notice.

48. At all relevant times, Defendants' actions and omissions were attended by a willful disregard of Plaintiff's federally protected rights.

## FIRST CAUSE OF ACTION:
## DEPRIVATION OF CIVIL RIGHTS – EQUAL PROTECTION
## FAILURE TO PROMOTE
## (VIOLATION OF 42 U.S.C. § 1983)
## AS TO INDIVIDUAL DEFENDANTS

49. Plaintiff realleges and incorporates all previous paragraphs.

50. Plaintiff Schultz has a constitutional right to receive equal treatment with respect to promotions, that treatment afforded to similarly situated members of the opposite sex.

51. The individual Defendants Kelley and Montwill were involved in the decision to not promote Plaintiff to a different employment position.

52. The individual defendants Kelley and Montwill intentionally deprived Plaintiff Schultz of her federally protected right to equal protection, based on gender, by failing to promote Plaintiff Schultz to the position of Lab Technician.

53. The individual Defendants' conduct, as described herein, is in violation of Plaintiff's rights under the Fourteenth Amendment of the United States Constitution.

54. The unlawfulness of the individual Defendants' conduct was apparent in light of existing law, and the individual Defendants did not have a good faith belief that their actions were lawful.

55. The individual Defendants' actions were attended by a willful disregard of Plaintiff's federally protected rights.

56. Plaintiff Schultz has suffered and continues to suffer pecuniary harm and emotional distress as a result of Defendant Kelley and Defendant Montwills' conduct.

## SECOND CAUSE OF ACTION:
## DEPRIVATION OF CIVIL RIGHTS – EQUAL PROTECTION
## FAILURE TO PROMOTE
## (VIOLATION OF 42 U.S.C. § 1983)
## AS TO CHIPPEWA COUNTY

57. Plaintiff Schultz realleges and incorporates all previous paragraphs.

58. The unconstitutional act complained of was caused by officials with final policy making authority.

59. Upon information and belief, the unconstitutional act complained of was caused by a governmental practice or custom that, although not officially authorized, is widespread and well settled.

60. Defendant Chippewa County is liable for the unconstitutional acts of the individual Defendants.

## THIRD CAUSE OF ACTION:
## DISCRIMINATION IN TERMS AND CONDITIONS OF EMPLOYMENT
## (VIOLATION OF 42 U.S.C. § 2000e-2)

61. Plaintiff realleges and incorporates all previous paragraphs.

62. Defendant Chippewa County discriminated against Plaintiff, in the terms and

conditions of her employment, and discriminated against Plaintiff by failing to promote her to the position of Lab Technician, based on her gender.

63. Defendant Chippewa County intentionally discriminated against Plaintiff based on her gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2.

64. Plaintiff Schultz has suffered and continues to suffer pecuniary and emotional harm as a result of Defendant Chippewa County's conduct.

### FOURTH CAUSE OF ACTION:
### RETALIATION FOR OPPOSING DISCRIMINATORY CONDUCT
### (VIOLATION OF 42 U.S.C. § 2000e-3)

65. Plaintiff rellages and incorporates all previous paragraphs.

66. Plaintiff Schultz opposed what she reasonably believed to be unlawful and discriminatory employment practices based on her gender, and Defendant Chippewa County was aware of her opposition.

67. Defendant Chippewa County retaliated against Plaintiff for opposing discriminatory employment practices by not promoting her to a different employment position.

68. Defendant Chippewa County's conduct was a violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e-3.

69. Plaintiff Schultz has suffered and continues to suffer emotional and pecuniary harm as a result of Defendant Chippewa County's action.

## FIFTH CAUSE OF ACTION
## DEPRIVATION OF CIVIL RIGHTS – EQUAL PROTECTION
## SEXUAL HARASSMENT AND CONSRUCTIVE DISCHARGE
## (VIOLATION OF 42 U.S.C. § 1983)
## AS TO DEFENDANT CHIPPEWA COUNTY

70. Plaintiff realleges and incorporates all previous paragraphs.

71. Defendant Chippewa County's management employees allowed Plaintiff to be exposed to sexual harassment that created a hostile work environment.

72. The unconstitutional acts complained of were caused by a governmental practice or custom that was widespread and well settled.

73. Defendant Chippewa County made Plaintiff's working conditions so intolerable that she was compelled to resign and a reasonable person would feel forced to resign.

74. Plaintiff Schultz suffered and continues to suffer emotional and pecuniary harm as a result of Defendant Chippewa County's conduct.

WHEREFORE, Plaintiff Schultz respectfully requests the following relief:

A. Appropriate injunctive relief;

B. Damages for Plaintiff's pecuniary harm and loss, including back pay and loss of fringe benefits;

C. Compensatory damages, including damages for emotional distress;

D. Punitive damages as to the individual Defendants with respect to Plaintiff's claims under 42 U.S.C. § 1983;

E. Attorney's fees and costs; and

F. Such other further relief as the Court deems appropriate.

**A JURY TRIAL IS DEMANDED**

Dated: _8/11/17_

                              **BAKKE NORMAN, S.C.**

By: _____
Peter M. Reinhardt
Attorney No. 1025187
2919 Schneider Avenue SE, P.O. Box 280
Menomonie, WI 54751-0280
(715) 235-9016
preinhardt@bakkenorman.com

Attorneys for Elizabeth A. Schultz