IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ELIZABETH SCHULTZ,

                Plaintiff,                OPINION AND ORDER

    v.

                                         17-cv-622-wmc

COUNTY OF CHIPPEWA,
BRIAN KELLEY, and
PHILLIP MONTWILL,

                Defendant.

This case is set for a jury trial commencing May 20, 2019, to resolve plaintiff Elizabeth (Beth) Schultz's claims for failure to promote and retaliation, which she alleges against her former employer, Chippewa County, and its decisionmakers, Brian Kelley and Phillip Montwill. In advance of the Final Pretrial Conference scheduled for May 8, 2019, the court issues the following opinion and order with respect to the parties' pending motions in limine.

**I.  Plaintiff's Motion in Limine (dkt. #55)**

In her only motion in limine, plaintiff Schultz seeks to preclude as irrelevant all evidence of or references to "[e]vents or occurrences in Plaintiff's employment prior to her employment with Chippewa County," as well as facts relating to her "separation from any [such] employment positions." (Dkt. #55 at 1 citing Fed. R. Evid. 401.) In particular, she points out that defendants have not asserted an affirmative defense for "after acquired

evidence," and it is too late to do so now.[1] (*Id.* at 1-2.) In response, defendants disavow any intent to offer this information about the plaintiff's former employment or termination as a new basis for not promoting plaintiff; however, they also acknowledge an intent to use that information to corroborate concerns defendants Kelley and Montwill claim they raised during the process of interviewing plaintiff for the Lab/Timekeeper job with the County, including her weakness in managing others and personality conflicts with colleagues. (Dkt. #72 at 1-2.) Further, defendants suggest that this "information will help the jury determine the credibility of the witnesses." (*Id.* at 2.)

Under the affirmative defense for after-acquired evidence, "[a]n employer may be found liable for employment discrimination [based on the evidence before it at the time of the adverse action], but if the employer later -- typically in discovery -- turns up evidence of employee wrongdoing [that] would have led to the [same action], then the employee's right to back pay is limited to the period before the discovery of this after-acquired evidence." *Jones v. Bd. of Trs. of Cmty. Coll. Dist. No. 508*, 75 F. Supp. 2d 885 (N.D. Ill. 1999) (quoting *Sheehan v. Donlen Corp.*, 173 F.3d 1039, 1047 (7th Cir. 1999)).[2] Here, defendants argue that the after-acquired evidence regarding plaintiff's prior employment may not by itself relieve them of liability, but would corroborate their concerns about her

---

[1] Affirmative defenses must be pled or are considered waived. *See* Fed. R. Civ. P. 8(c). Defendants did not plead this or other traditional affirmative defenses, relying instead on vague, general defenses, such as: "Plaintiff's claims and recovery are barred, reduced and/or limited pursuant to applicable constitutional, statutory and common law regarding limitations of awards and recovery" and other vague assertions. (Ans. (dkt. #5) 10-11.)

[2] In *Jones*, the Northern District of Illinois precluded evidence of the plaintiff's gambling, which he failed to disclose in applying for his position, because: (1) defendant had waived the after-acquired evidence defense; (2) he would not be able to establish the defense if not waived; and (3) the evidence was highly prejudicial.

ability to get along with and manage her colleagues, which they say is part of why they did not promote her. Essentially, they are seeking a backdoor around the ordinary exclusion of this evidence unless pleaded as an affirmative defense by arguing that it is otherwise relevant.[3]

The principal problem with defendants' attempt to introduce after-acquired evidence is their failure to explain how this evidence is *otherwise* relevant. Indeed, to the extent that it is being offered to prove that plaintiff misbehaved in this way while employed by the County, it would appear barred as prior bad acts evidence. See Fed. R. Evid. 404(b)(1) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."); *U.S. v. Gomez*, 763 F.3d 845, 856 (7th Cir. 2014) (Rule 404(b) "allows the use of other-act evidence only when its admission is supported by some propensity-free chain of reasoning." (citation omitted)). Similarly, defendants' suggestion that this evidence is somehow relevant in limiting plaintiff's damages, it escapes the court how, except again as readily excluded prior bad acts. Finally, there is the obvious risk of

---

[3] In another dubious practice, defendants also purported to "reallege and incorporate each and every affirmative defense set forth in Wis. Stat. §§ 802.02(3) and 802.06(2) for the purposes of avoiding waiver of the same as they may apply later in the lawsuit." (Ans. (dkt. #5) 10.) Not only do many of these enumerated affirmative defenses plainly not apply to a case like this one, but the Federal Rules of Civil Procedure require affirmative defenses to be "affirmatively state[d]." Fed. R. Civ. P. 8(c)(1). Even understanding the tendency of counsel to rely on such boiler plate or laundry list at the outset of a lawsuit to avoid possible waiver, they must be pleaded in good faith, and as here, may need to be amended or refined over the course of discovery, lest they be deemed to provide inadequate notice or even constitute an abuse under Rule 11. *See Codest Eng'g v. Hyatt Intern. Corp.*, 954 F. Supp. 1224 (N.D. Ill. 1996) (granting in part and denying in part a motion to strike affirmative defenses, but permitting defendant to replead with the reminder that "its pleading of affirmative defenses is subject to Rule 11" such that "[i]f, in the course of discovery, it appears that there is no good-faith basis for a particular defense, [defendant] may be subject to sanction").

prejudice under Rule 403, even if this evidence has some arguable relevance. In fairness to defendants, however, it is still unclear to the court what *specific* evidence related to plaintiff's past work for others they hope to offer at trial, and for what purpose.[4] Accordingly, plaintiff's motion in limine is RESERVED for a further, specific proffer by defendants and discussion with counsel for both sides at the Final Pretrial Conference.

## II. Defendants' Motions in Limine (dkt. #48)

### A. Defendants' MIL No. 1: Preclude Introduction of Time-Barred Claims

As an initial matter, defendants seek to exclude as "time-barred" evidence and testimony concerning any events that predate plaintiff's January 7, 2016 Equal Rights Division complaint by more than 300 days, arguing that such evidence "could lead to confusion and improper inferences that would prejudice Defendants." (Dkt. #48 at 2-3.) According to defendants, only information from between March 13, 2015, and August 20, 2015 is relevant. (*Id.* at 3.) For example, defendants identify information from Richard Brand, who retired in February 2015, as being "outside the 300 day period." (*Id.*)

While plaintiff acknowledges that normally "acts occurring more than 300 days before a plaintiff's filing of a discrimination charge with the EEOC are not *actionable* under Title VII," plaintiff needs to establish that her complaints about harassment were made in "good faith" -- that is plaintiff reasonably believed the practices she complained about were unlawful -- making this "background information" relevant. (Dkt. #76 at 1-2 (emphasis

---

[4] For example, even if admissible, plaintiff's alleged inability to work with others in prior employment would appear to be of very limited relevance, as interpersonal interactions are often quite person-dependent, and could confuse the jury.

4

added).)

After summary judgment, the only claims remaining are those for failure to promote and retaliation. (*See* dkt. #46 at 1, 21, 27.) Both of those claims accrued in August 2015, when she was passed over for the Operator IV-Lab/Timekeeper position. Accordingly, her causes of action are not time-barred. Of course, this still leaves the question whether defendant is seeking to preclude evidence of these past events that are relevant to her failure to promote or retaliation claims. For example, in 2013, Schultz began filling in for Hartman, and she also began assisting him in the lab with the materials testing, which goes to her experience and how she as a candidate compared to Kyle Craker. Accordingly, defendants' MIL No. 1 is also RESERVED for a further, specific proffer by plaintiff and discussion with counsel for both sides at the Final Pretrial Conference.

**B. Defendants' MIL No. 2: Preclude Evidence of Retaliation**

Defendants also seek to prevent plaintiff from offering any evidence of retaliation, it would appear principally based on their misunderstanding of the court's summary judgment decision. (Dkt. #48 at 3-5.) First and foremost, because she had not presented sufficient evidence for a reasonable jury to find that Webber's harassment was sufficiently severe or pervasive to constitute a constructive discharge, the court granted summary judgment on plaintiff's claim for hostile work environment. (Dkt. #46 at 23.) Thus, the court's observation that "the decision of Montwill and Kelley not to promote plaintiff simply does not sound in hostile work environment" (*id.* at 24) in *no way* impacts the viability of her retaliation claim, but rather indicates that while a decision not to promote may be part of a pattern of harassment, it does not by itself create a hostile work

5

environment. So, too, plaintiff's inability to go forward with her hostile work environment claim does not foreclose her ability to claim retaliation for making a good faith complaint about sexual harassment. *See O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 631 (7th Cir. 2011) ("The plaintiff need not show that the practice [s]he opposed was in fact a violation of the statute; [s]he may be mistaken in that regard and still claim the protection of the statute. However, [her] opposition must be based on a good-faith and reasonable belief that [s]he is opposing unlawful conduct." (internal citations omitted)).[5] Accordingly, defendants' MIL No. 2 is DENIED.

### C. Defendants' MIL No. 3: Preclude "Non-Causal" Evidence

Defendants further seek to preclude as irrelevant "evidence regarding complaints made by Plaintiff about any actions, inactions and/or statements of Chippewa County employees other than Webber." (Dkt. #48 at 6.) In response, plaintiff notes that "Webber's comments or instructions to other employees resulted in problems for Schultz" because they "affected how other employees interacted with [her]." (Dkt. #76 at 3.) Since the motion seems to go to plaintiff's complaints, it is unclear whether defendants' motion would preclude this evidence, but to the extent that Webber impacted plaintiff's work environment through the actions of other employees, that evidence may be relevant to

---

[5] In *O'Leary*, the Seventh Circuit affirmed the district court's grant of summary judgment against the plaintiff, but only because the plaintiff there "could not reasonably have believed that Miller's behavior constituted sexual harassment that was prohibited by Title VII," as the behavior "involved a single instance of sexually-charged remarks," which "were relatively tame," and plaintiff had been informed that the person who flagged the behavior did not feel harassed. 657 F.3d at 631-32. In contrast, here, plaintiff has offered testimony that, if found credible, a reasonable jury could find constituted harassment and Schultz herself testified that she felt harassed.

6

both plaintiff's failure to promote and retaliation claims. For example, plaintiff has alleged that Webber instructed Bonnie Tylee to raise concerns about plaintiff's workers' compensation claim. (Schultz 10/2/18 Dep. (dkt. #25) 78:23-79:14.) Accordingly, plaintiff will be provided an opportunity to make a proffer at the Final Pretrial Conference as to the other, specific evidence she plans to introduce, and defendants' MIL No. 3 is RESERVED.

### D. Defendants' MIL No. 4: Preclude Claims against Montwill and Kelley as Individuals

Defendants next seek to prevent plaintiff from bringing claims against defendants Montwill and Kelley, arguing that: (1) they do not fall within Title VII's definition of "employer"; and (2) she cannot maintain her claim for failure to promote because the Equal Protection Clause does not authorize a retaliation claim. (Dkt. #48 at 6-7.) As plaintiff notes, she is not trying to bring claims against Montwill or Kelley under Title VII (dkt. #76 at 3), so the first portion of defendants' motion is DENIED AS MOOT.

Moreover, contrary to defendants' argument, plaintiff may proceed with her failure to promote claim against defendants Montwill and Kelley. While the decision not to hire plaintiff for the Operator IV - Lab/Timekeeper position is alleged to be both discriminatory and retaliatory conduct, that does not preclude plaintiff from suing the individual defendants under § 1983 for failure to promote, which is a specific form of actionable discrimination under the Equal Protection Clause and § 1983. Accordingly, defendants' MIL No. 4 is DENIED.

7

### E. Defendants' MIL No. 5: Preclude Claim for Punitive Damages

In addition, defendants move to preclude plaintiff from seeking punitive damages from Chippewa County. (Dkt. #48 at 7 (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 266-67 (1981)).) Since plaintiff will not seek punitive damages from that defendant (Dkt. #76 at 4), this motion is DENIED AS MOOT as well.[6]

### F. Defendants' MIL No. 6: Preclude Plaintiff's Failure to Promote Pecuniary Damages Claim

Defendants also argue that because plaintiff was not constructively discharged and chose to resign, "she is not entitled to any pecuniary damages as a result of Defendants' alleged failure to promote her to the position of Operator IV - Lab/Timekeeper." (Dkt. #48 at 8.) Acknowledging that generally an individual must demonstrate actual or constructive discharge to recover back pay or front pay, plaintiff asks the court to adopt a narrow exception to that rule. (Dkt. #76 at 4-5 (citing *Hertzberg v. SRAM Corp.*, 261 F.3d 651 (7th Cir. 2001).) In *Hertzberg*, the Seventh Circuit recognized that:

> [s]ome circuits have crafted a narrow exception to this general rule [that a plaintiff must establish a discriminatory discharge to receive lost pay] for failure-to-promote cases. In a failure to promote case, a plaintiff may seek back pay for periods beyond the employee's voluntary resignation 'when the employee was preparing to enter an entirely different career with the same employer. *Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1495 (9th Cir. 1995)[.]
> \*   \*   \*
> In these cases, "an employer's discriminatory denial of the employee's opportunity to enter an entirely different career constitutes a refusal to hire; thus, the limitation on backpay in

---

[6] Defendants' motion does not address plaintiff's claim for punitive damages from the individual defendants. (*See* dkt. #48 at 7.) Whether plaintiff will be able to proceed on that claim will depend on the evidence put before the jury.

8

> promotion cases does not apply." *Id.*; *cf. Wells v. North Carolina
> Bd. of Alcoholic Control*, 714 F.2d 340, 342 (4th Cir. 1983)[.]

*Hertzberg*, 261 F.3d at 660 n.8. However, the Seventh Circuit did not actually decide whether this exception applied because the plaintiff in *Hertzberg* had not raised a failure to promote claim. *Id.* Since then, no district court within the Seventh Circuit appears to have considered whether to apply this exception.[7]

While this court finds the reasoning of the Fourth and Ninth Circuits persuasive, even assuming that this exception is available, plaintiff has advanced insufficient proof to invoke it. While she was preparing to change positions from Operator II - Truck Driver to Operator IV - Lab/Timekeeper, that promotion would not have constituted "an entirely different career." *Odima*, 53 F.3d at 1495. If she had been promoted, the difference in responsibilities between the two positions simply pales in comparison to the drastic changes that courts have previously found sufficient to invoke this exception. *See, e.g., id.* at 1496 ("Odima would have transferred to a different department, a different location, and would have worked under entirely different management. In essence, Odima would have moved from an unskilled, manual labor environment, into the skilled professional arena."); *Thorne v. City of el Segundo*, 802 F.2d 1131, 1134 (9th Cir. 1986) (failure to promote from clerk-typist to police officer); *Wells*, 714 F.2d at 342 (refusal to promote from stock clerk to sales clerk). Here, the plaintiff maintained at summary judgment that

---

[7] Indeed, only two district courts appear to have cited *Hertzberg* for this proposition. First, the Northern District of Alabama rejected this entire line of cases as unpersuasive and absent any indication that the Eleventh Circuit would adopt it. *Johnson v. Jack Henry & Assocs., Inc.*, No. 2:09-cv-2023-JBO, 2010 WL 11564946, at *9 n.18 (N.D. Ala. Aug. 3, 2010). Second, the District of Alaska noted it, but found it irrelevant to a hostile work environment claim. *Kelly v. Matanuska Elec. Ass'n, Inc.*, No. 3:09-cv-0027-HRH, 2010 WL 11566475, at *2 (D. Alaska Oct. 12, 2010).

the duties of the Operator II and Operator IV positions not only substantially overlapped, but that she was trained in and had performed many of the tasks of the Operator IV position. Regardless, plaintiff will not be allowed to argue during the liability phase of trial that there was significant overlap between the two positions and then during the damages phase of trial argue that the promotion constituted "an entirely different career." Accordingly, defendants' MIL No. 6 is GRANTED.

### G. Defendants' MIL No. 7: Preclude Certain Testimony Regarding Plaintiff's Failure to Promote Claim

Penultimately, defendants seek to exclude the testimony of third-party witnesses, Richard Brand and Matt Hartman, as it relates to plaintiff's failure to promote claim. (Dkt. #48 at 8-10.) As to Brand, defendants argue that: (1) his opinions about why Chippewa County sent Schultz to become certified in testing procedure is irrelevant; (2) his opinions about the qualifications of Schultz or Craker lack foundation because he did not revise the job description and did not interview them; and (3) his testimony would be unfairly prejudicial because of Brand's former position as the County's Paving & Crushing Supervisor. (*Id.* at 8, 10.) Plaintiff responds that Brand's testimony concerning her experience and the lab/timekeeper position are relevant, particularly in light of her contention that the job to which Craker was hired was not meaningfully different from that performed by Hartman. (Dkt. #76 at 5-6.) The court agrees that Brand's background and experience is enough to make this expected testimony relevant to facts in dispute, although the jury will ultimately have to decide what weight it should be given. *See* Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less

probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."). In particular, Brand's prior role gives him familiarity with the position and the people involved. His noninvolvement in the search and hiring process is appropriate fodder for cross-examination, not a reason to bar his testimony. Of course, Brand will *not* be allowed to opine as to the ultimate issues in the case, nor to provide *any* expert opinion unless previously disclosed under Rule 26.

As to Hartman, defendants argue that his opinion that Schultz was "very capable" of handling the testing should be excluded because he "lacks the appropriate foundation to formulate an opinion regarding who would be the best candidate for the job," because he was not involved in revising the job description or the candidate interviews, could not identify the most important aspects of the position under the new job description, and lacked experience with crushing so he could not comment on the importance of that experience. (*Id.* at 10.) However, what defendants fail to confront is that Hartman's challenged, lay opinion would appear directly relevant to *one* aspect of the Operator IV-Lab/Timekeeper position. (*See* NEOGOV Posting (dkt. #37-4) 2 (identifying "[t]est[ing] samples according to state specifications" and "[p]erform[ing] tests on aggregate and other materials" as "Additional Essential Functions" of the position).

Assuming plaintiff lays an adequate foundation, Hartman's opinion does not stray outside of his personal knowledge based on his work with and observation of Schultz while working together. Moreover, that opinion would be relevant to plaintiff's failure to promote claim. To the extent defendants intend to challenge other aspects of Hartman's expected testimony, that challenge fails for the reasons addressed above regarding Brand's

11

anticipated testimony. Finally, defendants' argument that Hartman's testimony would be unfairly prejudicial because of his former position as the Operator IV - Lab/Timekeeper (dkt. #48 at 10) is misplaced. To the contrary, Hartman's former position is *precisely* why his opinion is relevant. Just because evidence undermines a party's position does not make it unfairly prejudicial, just the opposite is often true. *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is *substantially outweighed* by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." (emphasis added)). Accordingly, defendants' MIL No. 7 is DENIED.

### H. Defendants' MIL No. 8: Preclude Testimony as to Witnesses' Truthfulness or Credibility

Finally, defendants seek "an order prohibiting any witness from testifying as to the credibility or truthfulness of any other witness." (Dkt. #48 at 11.) Plaintiff responds that she "does not intend to offer opinion evidence about the veracity or credibility of Montwill or Kelley," but will, as she is entitled to, "testify that written statements by Montwill or Kelley, about what she said during her interviews . . ., are not accurate or correct." (Dkt. #76 at 7.) Accordingly, defendant's MIL No. 8 is DENIED AS MOOT.

ORDER

IT IS ORDERED that:

1) Plaintiff's motion in limine (dkt. #55) is RESERVED.

2) Defendants' motions in limine (dkt. #48) are GRANTED, DENIED and RESERVED, as set forth above.

Entered this 29th day of March, 2019.

                                              BY THE COURT:

                                              /s/
                                              _____
                                              WILLIAM M. CONLEY
                                              District Judge