IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ELIZABETH SCHULTZ,

    Plaintiff,

v.

COUNTY OF CHIPPEWA,
BRIAN KELLEY, and
PHILLIP MONTWILL,

    Defendants.

OPINION AND ORDER

17-cv-622-wmc

In its motion in limine opinion, the court precluded plaintiff from seeking pecuniary damages under an exception to the requirement that an individual demonstrate actual or constructive discharge before recovering back or front pay for the period after leaving employment. As part of that decision, the court observed that having argued the similarities between how Schultz performed the Operator II - Truck Driver position and the duties of the Operator IV - Lab/Timekeeper for purposes of liability, she would not be allowed to claim the "entirely different career" exception for post-employment pay in the damages phase of trial. (MIL Op. (dkt. #78) 8-10.)

Following this opinion, plaintiff moved to "clarify" whether that decision applied only to plaintiff's claim for backpay under Title VII or if it applied also to her claim under § 1983. (Mot. Clarify (dkt. #79) 1.) The court granted that motion, explaining that the MIL order was "intended to deny a claim to damages based on lost salary post-resignation under both Title VII and § 1983," but permitted plaintiff to seek reconsideration as to the latter. (Apr. 1, 2019 Order (dkt. #80).) In doing so, the

court noted that it was "unaware of any legal basis" to distinguish the availability of backpay under Title VII and § 1983. (*Id.*)

Accepting this invitation, plaintiff has now moved for reconsideration, arguing that her "claim under 42 U.S.C. § 1983 is entirely independent of Title VII or any limitations on statutory remedies under Title VII." (Mot. Recons. Br. (dkt. #82) 4.) She further points out that *Hertzberg* is limited to cases arising under Title VII. (*Id.* at 2-4.) While correct, that does not get plaintiff very far since *Hertzberg* only recognized that other circuits had "crafted a narrow exception" to the *general rule* that in a failure-to-promote case a plaintiff must remain at her job to seek post-employment pay. *Hertzberg v. SRAM Corp.*, 261 F.3d 651, 656, 660 n.8 (7th Cir. 2001); *see also Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1495 (9th Cir. 1995) ("An employee who has been discriminatorily denied an opportunity for a promotion ordinarily may not collect backpay 'for periods beyond that employee's voluntary resignation unless the employee demonstrates that she was constructively discharged by the employer.' That doctrine does not apply, however, when the employee 'was preparing to enter an entirely different career' with the same employer." (quoting *Thorne v. City of El Segundo*, 802 F.2d 1131, 1134 (9th Cir. 1986))) (cited by *Hertzberg*, 261 F.3d at 660 n.8). Plus, *Hertzberg* did not even apply that narrow exception in the Title VII case before it because the plaintiff had not raised a failure-to-promote claim. *Hertzberg*, 261 F.3d at 660 n.8.

At most, distinguishing *Hertzberg* from a § 1983 claim, only gets plaintiff back to

2

square one, searching for an exception to the non-controversial, general proposition that -- absent a constructive discharge -- an employee cannot claim lost wages for a job he or she walked away from voluntarily. As noted previously, no other court within the Seventh Circuit has even considered applying an exception for failure-to-promote plaintiffs "preparing to enter an entirely different career with the same employer" under Title VII *or* § 1983 (MIL Op. (dkt. #78) 8-9), much less a broader exception. The reason should be obvious: As a general proposition, a failure-to-promote plaintiff is expected to remain on the job while seeking redress; if someone resigned from a job when not promoted, he or she should not have a claim for compensation unless the conditions of employment had become intolerable, which the court already found *not* to be the case here.

While § 1983 and Title VII reach different (though sometimes overlapping) defendants, they address the same injury in the employment discrimination context. *See Terry v. Gary Cmty. Sch. Corp.*, 910 F.3d 1000, 1006 (7th Cir. 2018) ("We evaluate employment discrimination claims brought under § 1983 with the same standards we use in employment discrimination claims brought under Title VII." (citation omitted)). Accordingly, plaintiff has provided no basis, nor can the court discern any reason to treat lost earnings claims differently under Title VII and § 1983, and certainly no reason to broaden the *Hertzberg*-recognized exception under § 1983 to allow an award

of back or front pay for any period after plaintiff chose to quit her job.[1]

ORDER

IT IS ORDERED that: plaintiff's motion for reconsideration (dkt. #81) is DENIED.

Entered this 18th day of April, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[1] The representation by plaintiff's counsel's that he was unable to locate Seventh Circuit authority *prohibiting* an employee who voluntarily resigns from claiming backpay in a failure to promote case under § 1983 is hardly dispositive. (Mot. Recons. Br. (dkt. #82) 4.) If anything, the absence of case law either way suggests no one has even attempted to press such a claim.