IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────

ELIZABETH A. SCHULTZ,

                Plaintiff,                      ORDER

    v.

                                            17-cv-622-wmc

COUNTY OF CHIPPEWA,
BRIAN KELLEY, and
PHILLIP MONTWILL,

                Defendants.
───────────────────────────────────────────────

The court held a final pretrial conference today, May 13, in advance of trial scheduled to begin at 8:30 a.m. on Monday, May 20, 2019. The purpose of this order is simply to memorialize its principal rulings.

    IT IS ORDERED that:

1) Plaintiff's MIL No. 1 (dkt. #55), seeking to preclude references to events in plaintiff's employment before working with Chippewa County, is GRANTED, unless defendants make a specific proffer in advance of trial.

2) Defendants' MIL No. 1 (dkt. #48), seeking to exclude all evidence and testimony predating plaintiff's ERD complaint by more than 300 days as "time-barred," is DENIED. Specifically, plaintiff may submit evidence tending to show: (a) defendants' knowledge of her training and skills relevant to the job promotion in dispute; and (b) Webber's misconduct that gave rise to her complaint of sexual harassment provided it was relayed by plaintiff to defendants before their alleged retaliation. However, plaintiff's failure to tie this evidence to defendant's knowledge or plaintiff's complaint of sexual harassment may well result in a curative instruction to the jury.

3) Defendants' MIL No. 3 (dkt. #48), seeking to exclude all evidence of plaintiff's complaints regarding the actions of work colleagues other than Webber, is GRANTED, with the possible exception of Tylee raising concerns about plaintiff's workers' compensation leave at Webber's suggestion.

4) Plaintiff's proposed witnesses Danke and Lee may testify about their impressions of plaintiff's claimed pain and suffering following her not being promoted.

5) Plaintiff may not testify about Webber blocking her from the soda machine unless tied to her complaint of sexual harassment to defendants. She may testify about Webber's intimidating behavior during the bullying seminar, if it prompted that complaint.

6) Defendant may proffer by Thursday at noon specific testimony, if any, from plaintiff showing that her complaints about Webber were not tied to her sex.

7) The parties may have until Thursday at noon to file proposed modifications to the voir dire, jury instructions, and liability special verdict form. The court will circulate clean versions to the parties should they wish to submit specific edits.

8) Plaintiff is directed to provide the expert narrative for Dr. Heinz to chambers in word form by tomorrow at noon. A revised version will then be recirculated.

9) The parties are reminded that the video deposition designations will not include long pauses, discussion between counsel, objections, or the shuffling of papers. Rather, the designations should include questions and answers only. The parties are directed to meet and confer to streamline the designations. By Wednesday at noon, plaintiff is to provide updated deposition designations, noting the actual lines of testimony she intends to use. By Thursday at noon, defendants are to provide any counter designations or objections. By Friday at noon, plaintiff may file objections to the counter designations, if any.

10) The court's rulings on the parties' objections to exhibits remain as stated on the record:

   a. Plaintiff's Exhibits 4, 5, 29, 31-33, 35, 39-41, and 46 are WITHDRAWN.

   b. Defendants' objection to Exhibit 24 is OVERRULED, subject to defendants providing a version that was in place at the time.

   c. Defendants' objections to Exhibits 25 and 26 are OVERRULED.

   d. The relevance of Exhibits 37 and 38 is RESERVED.

e. Hearsay objections to Exhibits 42 and 43 are SUSTAINED, but the court will RESERVE on non-hearsay use.

f. Defendants' Exhibits 532-543 are WITHDRAWN.

g. Plaintiff's objection to defendants' Exhibit 520 is RESERVED pending a laying of foundation. However, defendants are directed to redact references to plaintiff's continued employment. If plaintiff objects to the proposed redaction, plaintiff is to notify the court by Thursday.

Entered this 13th day of May, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge